| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>FOR THE SOUTHERN DISTRICT OF NEW YORK | |
| JAMEL FRAZIER and PHILLIP BAZILE, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>- against –<br><br>ALPHA CLEANING SERVICES INC., MAJESTIC CLEANING INC., NEW YORK COMMERCIAL CLEANING SERVICES, INC. all d/b/a ALPHA CLEANING INC, D B MAINTENANCE CO INC, and/or MAJESTIC CLEANING and/or any other affiliated entities,<br><br>Defendants. | Docket No: 17-cv-4197<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Named Plaintiffs Jamel Frazier and Phillip Bazile (together "Named Plaintiffs") by their attorneys, Virginia and Ambinder, LLP, allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 206, 207 and 216(b), New York Labor Law ("NYLL") Article 6 §§ 190, *et seq.*, Article 19 § 663, and 12 New York Codes, Rules, and Regulations ("NYCRR") §§ 142-2.1 and 142-2.2 to recover all unpaid minimum wages and overtime compensation due and owing to Named Plaintiffs and all similarly situated persons who were formerly or are presently employed by ALPHA CLEANING SERVICES INC., MAJESTIC CLEANING INC., NEW YORK COMMERCIAL CLEANING SERVICES, INC. all d/b/a ALPHA CLEANING INC, D B MAINTENANCE CO INC, and/or MAJESTIC CLEANING and/or any other affiliated entities (collectively "Defendants"). Named Plaintiffs also initiate this action seeking statutory damages

1

for themselves and on behalf of those similarly situated pursuant to NYLL §§ 195 and 198 arising from Defendants' failure to provide them with wage statements and wage notifications.

2. Named Plaintiffs bring their FLSA claim as a collective action under 29 U.S.C. § 216(b). Named Plaintiffs' consent forms are attached hereto as Exhibits A and B.

3. At all times relevant to this litigation, Defendants have engaged in a policy and practice of failing to pay Named Plaintiffs and putative class members at the minimum wage rate for all hours worked and requiring Named Plaintiffs and members of the putative class and collective to regularly work over forty (40) hours in a week without paying them overtime wages at a rate of one and one-half times their regular hourly wage.

4. At all times relevant to this litigation, Defendants have engaged in a policy and practice of failing to provide Named Plaintiffs and members of the putative class and collective statutorily required wage notices and wage statements pursuant to New York Labor Law §§ 195 and 198.

5. Named Plaintiffs have initiated this action on their own behalf, and on behalf of all similarly situated employees, seeking unpaid minimum wages and overtime compensation that Named Plaintiffs and all similarly situated employees were deprived of plus interest, damages, attorneys' fees, and costs, and statutory damages, including damages for wage statement and notice violations.

## **JURISDICTION**

6. Jurisdiction of this Court is invoked pursuant to the FLSA, 29 U.S.C. §§ 207 and 216(b) and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction over all New York State Law claims pursuant to 28 U.S.C. § 1367.

7. The statute of limitations under the FLSA for willful violations is three (3) years. *See* 29 U.S.C. § 255(a).

8. The statute of limitations under the NYLL is six (6) years. *See* New York Labor Law § 198(3).

**VENUE**

9. Venue for this action in the Southern District of New York is appropriate under 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

**THE PARTIES**

10. Named Plaintiff Phillip Bazile resides in New York, New York and was employed by Defendants to perform cleaning and maintenance services.

11. Named Plaintiff Jamel Frazier resides in New York, New York and was employed by Defendants to perform cleaning and maintenance services.

12. Upon information and belief, Defendant Alpha Cleaning Services Inc. ("Alpha"), is a domestic corporation incorporated under the laws of the State of New York with its principal place of business at 2476 N Jerusalem Rd, North Bellmore, NY 11710.

13. Upon information and belief, Defendant Majestic Cleaning Inc. ("Majestic"), is a domestic corporation incorporated under the laws of the State of New York with its principal place of business at 2476 N Jerusalem Rd, North Bellmore, NY 11710.

14. Upon information and belief, Defendant New York Commercial Cleaning Services, Inc. ("NY Commercial Cleaning"), is a domestic corporation incorporated under the laws of the State of New York with its principal place of business at 2476 N Jerusalem Rd, North Bellmore, NY 11710.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

15. This action is properly maintainable as a collective action pursuant to the FLSA 29 U.S.C. § 216(b) and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

16. This action is brought on behalf of Named Plaintiffs and a class consisting of similarly situated employees who worked for Defendants performing work relating to Defendants' cleaning and maintenance business.

17. Named Plaintiffs and members of the putative class and collective are all victims of Defendants' common policy and/or plan to violate the FLSA by failing to pay them minimum wages, and overtime wages at the rate of one and one half times the regular rate of pay for all time worked in excess of forty (40) hours in any given week, pursuant to 29 U.S.C. §§ 206 and 207.

18. Named Plaintiffs and members of the putative class and collective are all victims of the Defendants' common policy and/or plan to violate the NYLL by failing to provide wage notices and wage statements, pursuant to NYLL§§ 195-1 and 195-3.

19. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of forty (40) employees.

20. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether Defendants failed to pay minimum wages; (2) whether Defendants failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours

worked in excess of forty (40) hours in any given week; and (3) whether Defendants failed to provide wage notices and wage statements.

21. The claims of Named Plaintiffs are typical of the claims of the putative class members. Named Plaintiffs, like all members of the putative class, were subject to Defendants' policies and willful practice of refusing to pay employees minimum wages and overtime compensation, and failing to provide wage notices and wage statements. Named Plaintiffs and putative class members have thus sustained similar injuries as a result of Defendants' actions.

22. Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. Named Plaintiffs have retained counsel experienced in complex wage and hour class and collective action litigation.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Named Plaintiffs and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' policies.

## FACTS

24. Defendants employed Named Plaintiffs to provide cleaning and maintenance services.

25. Upon information and belief, Named Plaintiffs and putative class members are non-exempt employees of Defendants.

26. Upon information and belief, Defendants operate a cleaning and maintenance business that provides cleaning and janitorial services to buildings including but not limited to restaurants, commercial properties, offices and office buildings, night clubs, and bars.

27. Named Plaintiff Phillip Bazile worked for Defendants from approximately July 2016 to February 2017 performing cleaning and maintenance services for Defendants. Named Plaintiff Bazile typically worked seven (7) days per week, approximately five (5) to eight (8) hours per day.

28. Named Plaintiff Bazil was typically paid approximately $280.00 to $420.00 per week for his work, regardless of the number of hours he worked.

29. Named Plaintiff Jamel Frazier worked for Defendants from approximately November 2015 to February 2017 performing cleaning and maintenance services for Defendants. Named Plaintiff Frazier typically worked seven (7) days per week, approximately nine (9) hours per day.

30. Named Plaintiff Frazier was typically paid approximately $280.00 to $500.00 per week, regardless of the number of hours worked.

31. Defendants did not pay Named Plaintiffs at the lawful minimum wage rate for all hours worked.

32. Despite regularly working far in excess of 40 hours in a week, Defendants did not pay Named Plaintiffs overtime compensation at the rate of one-and-one-half times their regular rates of pay.

33. Defendants did not provide Named Plaintiffs with wage notifications indicating, among other things, their regular or overtime rate of pay at the time of hiring or at any subsequent point during their employment.

34. During Named Plaintiffs' employment with Defendants, Named Plaintiffs were not provided with wage statements that reflected, among other things, the hours they worked, their regular rate of pay, or their overtime rates of pay.

35. Upon information and belief, like Named Plaintiffs, Named Plaintiffs' co-workers were not paid at the lawful minimum wage rate for all hours worked.

36. Upon information and belief, like Named Plaintiffs, Named Plaintiffs' co-workers also regularly worked over 40 hours in a week.

37. Upon information and belief, like Named Plaintiffs, Named Plaintiffs' co-workers were also paid at their regular rate of pay for all hours worked, including hours worked in excess of forty (40) per week.

38. Defendants maintained a policy and practice of not compensating their Named Plaintiffs and putative class members at one-and-one-half times their regular hourly wage whenever they work more than forty (40) hours in a given week.

39. Defendants maintained a policy and practice of not providing Name Plaintiffs and putative class members with wage notifications at the time of hire indicating each employee's regular rate of pay and overtime rate of pay.

40. Defendants maintained a policy and practice of not providing Named Plaintiffs and putative class members the statutorily required wage statements indicating each employee's regular rate of pay, overtime rate of pay, or hours worked during a particular pay period.

41. Upon information and belief, ALPHA CLEANING SERVICES INC., MAJESTIC CLEANING INC., NEW YORK COMMERCIAL CLEANING SERVICES, INC. all d/b/a ALPHA CLEANING INC, D B MAINTENANCE CO INC, and/or MAJESTIC CLEANING are a single and/or joint employer in that they share a common business purpose and ownership, maintain common control, oversight and direction over the operations of the work performed by Named Plaintiffs and putative class members, including payroll practices.

42. Upon information and belief, Defendants had substantial control of Plaintiffs' working conditions and over the unlawful policies and practices alleged herein.

43. Upon information and belief, Named Plaintiffs and members of the putative class performed labor for the benefit of and at the direction of Defendants.

44. Upon information and belief, at all relevant times, Defendants had the power to determine employee policies, including but not limited to policies governing the payment of wages and overtime compensation to employees.

45. Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

46. Upon information and belief, Defendants are engaged in interstate commerce, including handling and working with goods or materials that have been moved in or produced for interstate commerce.

**FIRST CAUSE OF ACTION:**
**FLSA MINIMUM WAGE COMPENSATION**

47. Named Plaintiffs repeat and re-allege the allegations set forth above.

48. Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than— (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) **$7.25 an hour, beginning 24 months after that 60th day**."

49. Pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a

8

public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

50. Named Plaintiffs are employees, within the meaning contemplated in FLSA, 29 U.S.C. § 203(e).

51. Pursuant to 29 U.S.C. § 203(d), and the cases interpreting the same, Defendants are "employer[s]" for the purpose of the FLSA and, consequently, are liable for violations of the FLSA.

52. Upon information and belief, Defendants failed to pay Plaintiffs and putative collective members at the lawful minimum wage rate for all hours worked.

53. Upon information and belief, Defendants' failure to pay Plaintiffs at the minimum wage rate was willful.

54. By the foregoing reasons, Defendants are liable to Named Plaintiffs and putative collective members in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## FLSA OVERTIME WAGES

55. Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

56. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

57. Pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

58. Defendants are employers within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

59. Named Plaintiffs and other members of the putative collective are employees, within the meaning contemplated in in the FLSA, 29 U.S.C. §203(e).

60. Defendants failed to pay Named Plaintiffs and, upon information and belief, other members of the putative collective overtime wages earned for the time they worked for Defendants after the first forty (40) hours in any given week.

61. Upon information and belief, Defendants' failure to pay Named Plaintiffs and members of the putative collective their rightfully owed wages was willful.

62. By the foregoing reasons, Defendants are liable to Named Plaintiffs and members of the putative collective in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**THIRD CAUSE OF ACTION:**
**NEW YORK MINIMUM WAGE COMPENSATION**

63. Named Plaintiffs repeat and re-allege the allegations set forth above.

64. 12 NYCRR 142-2.1 states that "[t]he basic minimum hourly rate shall be . . . (2) $7.25 per hour on and after July 24, 2009; (3) $8.00 per hour on and after December 31, 2013; (4) $8.75 per hour on and after December 31, 2014; (5) $9.00 per hour on and after December 31, 2015." 12 NYCRR § 146-1.2. Additionally, the minimum hourly wage for large employers

of eleven or more employees in New York City is $11.00 per hour on and after December 31, 2016. 12 NYCRR § 146-1.2(a)(1)(i).

65. New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

66. Defendants are "employer[s]" within the meaning contemplated, pursuant to NYLL Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

67. Named Plaintiffs and putative class members are employees within the meaning contemplated, pursuant to NYLL Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

68. Defendants violated 12 NYCRR § 142-2.1 by failing to pay Named Plaintiffs at the minimum wage rate for all hours they worked.

69. Upon information and belief, Defendants violated 12 NYCRR § 142-2.1 by failing to pay putative class members for all hours they worked.

70. Consequently, by failing to pay Named Plaintiffs and putative class members minimum wages for all hours worked, Defendants violated New York Labor Law § 663 and 12 NYCRR § 142-2.1.

71. Upon information and belief, Defendants' failure to pay minimum wages for work performed by Named Plaintiffs and putative class members was willful.

72. By the foregoing reasons, Defendants are liable to Named Plaintiffs and the putative class in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION
## NEW YORK OVERTIME COMPENSATION LAW

73. Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

74. 12 NYCRR § 142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of 1 ½ times the employee's regular rate" for hours worked in excess of 40 hours in one workweek.

75. New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

76. Defendants are employers, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

77. Named Plaintiffs and members of the putative class are employees, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

78. Named Plaintiffs and members of the putative class worked more than forty (40) hours a week while working for Defendants.

79. Named Plaintiffs and members of the putative class did not receive overtime compensation for hours worked after the first forty (40) hours in a week.

80. Upon information and belief, Defendants' failure to pay overtime compensation for work performed by Named Plaintiffs and members of the putative class after the first forty hours worked in a week was willful.

81. By the foregoing reasons, Defendants have violated New York Labor Law § 663 and 12 NYCRR § 142-2.2, and are liable to Named Plaintiffs and members of the putative class in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

**FIFTH CAUSE OF ACTION**
**NEW YORK § 195(1) WAGE NOTICE VIOLATION**

82. Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

83. Pursuant to Section 195(1) of the NYLL, an employer is required to provide its employees at the time of hiring a notice containing information, such as, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; . . . the regular pay day designated by the employer . . .; [and] the name of the employer . . . . For all employees who are not exempt from overtime compensation . . ., the notice must sate the regular hourly rate and overtime rate of pay."

84. Pursuant to Section 198-1(b) of the NYLL, an employee that does not receive a wage notification, as required by NYLL § 195(1), may bring a civil action to recover damages of $250 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

85. At the time of hire, Defendants did not provide Named Plaintiffs or members of the putative class with wage notifications informing them of, among other things, (1) their regular rates of pay, (2) their overtime rates of pay, (3) the basis of their rates of pay (e.g., whether they were hourly employees), or (4) the regular pay day designated by Defendants.

86. Defendants violated NYLL § 195(1) by failing to provide Named Plaintiffs and members of the putative class with wage notifications containing the information required by NYLL § 195, *et seq.*

87. The failure of Defendants to provide Named Plaintiffs and members of the putative class with wage notifications in violation of NYLL § 195 was willful.

88. By the foregoing reasons, Defendants are liable to Named Plaintiffs and members of the putative class the statutory amounts, plus attorney's fees, costs, and any other damages permitted under the NYLL.

## SIXTH CAUSE OF ACTION
## NEW YORK § 195(3) WAGE STATEMENT VIOLATION

89. Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

90. Pursuant to Section 195(3) of the New York Labor Law, an employer is required to furnish each employee with a statement with every payment of wages that identifies, among other things, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or in another manner. For employees that are not exempt from overtime compensation under New York state law or regulation, such wage statement must also include "the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

91. Pursuant to 12 NYCRR § 142-2.7 employers are required to "furnish to each employee a statement with every payment of wages, listing hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions and net wages."

92. Pursuant to Section 198-1(d) of the New York Labor Law, an employee that does not receive a wage statement, as required by NYLL § 195(3), may bring a civil action to recover

14

damages of $50 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

93. Named Plaintiffs and members of the putative class did not receive accurate wage statements from the Defendants that reflected, among other things, the number of hours that they worked, their regular rate of pay, or their overtime rate of pay.

94. Defendants violated NYLL § 195(3) and 12 NYCRR § 142-2.7 by failing to provide Named Plaintiffs and members of the putative class with wage statements containing the information required by NYLL § 195(3) and 12 NYCRR § 142-2.7.

95. Upon information and belief, Defendants' failure to provide Named Plaintiffs and members of the putative class with wage statements in violation of NYLL § 195 and 12 NYCRR § 142-2.7 was willful.

96. By the foregoing reasons, Defendants are liable to Named Plaintiffs and members of the putative class and collective the statutory amounts, plus attorney's fees, costs, and any other damages permitted under the NYLL.

**WHEREFORE**, Named Plaintiffs and putative class members demand judgment:

1. on their first cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

2. on their second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

3. on their third cause of action against Defendants, for all statutory damages permitted under the NYLL plus attorneys' fees and costs;

4. on their fourth cause of action, against Defendants, for all statutory damages permitted under the NYLL plus attorneys' fees and costs; and

5. on their fifth cause of action, against Defendants, for all statutory damages permitted under the NYLL plus attorneys' fees and costs; and

6. on their sixth cause of action, against Defendants, for all statutory damages permitted under the NYLL plus attorneys' fees and costs; and

7. any other and further relief the Court may deem just and proper.

Dated: New York, New York
June 5, 2017

VIRGINIA & AMBINDER, LLP

By:   s/Lloyd Ambinder, Esq.
      Lloyd Ambinder, Esq.
      Jack Newhouse, Esq.
      Virginia & Ambinder, LLP
      40 Broad Street, 7th Floor
      New York, New York 10004
      (212) 943-9080

*Attorneys for Named Plaintiffs and the putative class and collective*